UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hung Cao Le NGUYEN, by next friend Hue Thi Nguyen,<br><br>                          Petitioner,<br><br>v.<br><br>COUNTY OF ORANGE,<br><br>                          Respondents. | Case No.:  26-cv-0550-AGS-BLM<br><br>**ORDER DENYING REQUEST TO ACT AS NEXT FRIEND AND DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF STANDING** |

Petitioner Hung Cao Le Nguyen, through his wife Hue Thi Nguyen, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. But this case must be dismissed for several reasons: (1) Nguyen's wife's request to function as his "next friend" is deficient; (2) the petition fails to name the proper respondent; and (3) another petition raising the same claims from Nguyen is already pending before another judge in this Court.

Federal law allows that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by *someone acting in his behalf.*" 28 U.S.C. § 2242 (emphasis added). But such "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

1

Nguyen's wife fails to carry her burden as to the first prong—petitioner's inability to litigate the case on his own. In the petition's 75 pages of allegations and attachments, she never discusses his capacity to litigate the case himself. *See Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 889 (9th Cir. 2004) (holding that generally the "putative next friend must present meaningful evidence that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision." (cleaned up)). Given the complete lack of evidence—meaningful or otherwise—the Court denies the request to initiate this action as a "next friend."

Without such next-friend authorization, Hue Thi Nguyen lacks standing to bring this suit, and it must be dismissed without prejudice. *See Pinson v. Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021) (holding the "district court properly dismissed the action" because the putative next friend "failed to meet the requirements for next-friend standing under § 2242" and as "a non-attorney, cannot represent others in court"); *see also United States v. Shatswell*, No. 2:12-cr-00271-TLN-CKD-1, 2020 WL 529196, at *2 (E.D. Cal. Feb. 3, 2020) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."), *report and recommendation adopted*, No. 2:12-cr-00271-TLN-CKD-1, 2020 WL 2216957 (E.D. Cal. May 7, 2020 ).

Also, the petition fails to name a proper respondent as required by statute. *See* 28 U.S.C. § 2242 (requiring a petition to include "the name of the person who has custody over him and by virtue of what claim or authority"). In a cover sheet to the petition, it identifies "COUNTY OF ORANGE" as the respondent. (*See* ECF 1, at 1.) Later, additional respondents are mentioned, including various DHS officials and the warden of the "Adelanto ICE processing center." (*See id.* at 20–21.) But the district court in the Central District of California transferred this case after determining Nguyen was detained at the "Imperial Regional Detention Facility" in this district. (ECF 3, at 2.) "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not

the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024) ("affirm[ing] the application of the immediate custodian" rule to "habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees" and ruling a district court cannot consider a misnamed petition). Thus, the petition is also subject to dismissal for failing to name the proper respondent. *See Doe*, 109 F.4th at 1199.

Finally, there is another case in which Federal Defenders raise identical claims on behalf of an individual with the same name, date of birth, and A-number. (*See* ECF 1, *Nguyen v. Noem*, 26-cv-0426-RSH-SBC.) So, this case, which appears to simply be a carbon copy of that case, is dismissed as duplicative.

The Clerk is directed to close this case. By **February 23, 2026**, any amended petition naming an appropriate respondent is due. If filed, by that same date, Nguyen's wife (Hue Thi Nguyen) must file an updated motion to proceed as next friend, or petitioner Nguyen must file that amended petition in his own capacity. Also, Nguyen must explain how this case is different from the petition filed in case number 26-cv-0426-RSH-SBC. If those documents are timely filed, the Clerk will reopen the case. This order has no effect on the proceedings in 26-cv-0426-RSH-SBC, which already has a briefing schedule and hearing date.

Dated:  February 2, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

3

26-cv-0550-AGS-BLM